UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BONNER COUNTY, an Idaho municipal corporation,<br><br>                     Plaintiff,<br><br>vs.<br><br>BRADLEY J. LITTLE, in his official capacity as Governor of the State of Idaho; COVID-19 FINANCIAL ADVISORY COMMITTEE; ALEX J. ADAMS, in his official capacity as the Administrator of the Division of Finance Management, and as Chair of the COVID-19 Financial Advisory Committee; TOM KEALEY, in his official capacity as Director of the Idaho Department of Commerce; BRANDON D. WOOLF, in his official capacity as Controller of the State of Idaho; JULIE A. ELLSWORTH, in her official capacity as Idaho State Treasurer,<br><br>                     Defendants. | Case No. 1:20-cv-00350-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 19)** |

        The Court has considered Defendants' Motion to Stay Briefing (Dkt. 31). The Court does not need to hear from Plaintiff as to such motion, nor hear further from Defendants, as the Court is sufficiently informed as to the issues and the facts. The Court has previously accommodated requests from counsel for the Defendants for relief from briefing deadlines and page requirements. Further, the Court will hear Defendant's pending Motion to Dismiss before hearing Plaintiff's pending Motion for Summary Judgment. Moreover, Plaintiff has represented to the Court that its claims potentially may be mooted if not decided before the end of the calendar year; hence, the Court will need to hear argument upon Plaintiff's motion earlier on in

**MDO RE: DEFENDANTS' MOTION TO STAY BRIEFING – 1**

December 2020, if the Court decides that the Motion to Dismiss should be denied. Such a course preserves the resources of the parties and the Court to the fullest extent possible, given the particular nature of the facts, claims, and defenses raised in this case.

The Court is also aware that the COVID-19 pandemic has placed great stress upon litigants and the Court. Where possible, the Court has loosened the constraints that its management of the docket would ordinarily impose upon the parties to a lawsuit before the Court. And, the Court has done so to some degree in this case. However, to grant the relief that Defendants seek here would threaten the Court's ability to address the merits of the case in the time frame that Plaintiff has represented is necessary, should the Court allow the case to go forward after deciding Defendant's motion to dismiss.

Accordingly, the Defendants' Motion to Stay Briefing (Dkt. 31) is DENIED.

DATED: **November 19, 2020.**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MDO RE: DEFENDANTS' MOTION TO STAY BRIEFING – 2**